Although Mr. Heath was not present at the time this case was called for oral argument, he appeared later indicating heavy traffic had delayed his arrival. The Commission declined to hear any argument as defendant's counsel already had been released.
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Haigh. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff, who is 30 years old, was working for defendant in August 1994 as a terminal truck driver of tractor trailers which job required him to make local deliveries and pickups, and involved his loading and unloading freight.
2. Plaintiff's evidence, including his testimony, which, if believed, would establish that between 9:00 a.m. and 11:00 a.m. on August 16, 1994 at Adam's Mills in Kenansville as he was unloading boxes of yam, each of which weighed between 250-400 pounds and some of which were stacked as high as 6-8 feet in the tractor trailer, he shifted a box on top of a stack by rocking the box and the one underneath it whereupon the top box "came down" on him; that he then caught it as he was in a downward motion and immediately released it and felt "electrical shock" type pain and muscle tension in the center of his low back as well as muscle contraction in his back; that he immediately laid down in the tractor trailer for awhile; that two employees of Adam's Mills began unloading his freight; that after resting, his muscle contractions improved and the back pain increased but the pain subsided when he rejoined those employees to help them some; and that on August 16, 1994 he made a notation in his "DRIVER'S DAILY LOG" indicating that "Hurt Back Muscle" on that date in Kenansville is not accepted as credible. This evidence is found not worthy of belief because of, among other considerations, the demeanor of plaintiff and the other witnesses who testified at trial, plaintiff's testimony that he did not immediately report the alleged injury because he had only been an employee of defendant for eight months whereas he also testified that he reported it on the DRIVER'S DAILY LOG, and because of numerous inconsistencies and contradictions between plaintiff's evidence and defendant's evidence, including the deposition testimony of Ms. Mary Bishop concerning how the alleged injury occurred on August 16, 1994 and how he injured his back while lifting a riding lawnmower at his home on August 26, 1994.
3. Plaintiff performed his job duties on August 16, 1994 in his usual and customary manner. There was no interruption of his regular work routine and the introduction thereby of any unusual circumstances likely to result in unexpected consequences. Plaintiff did not sustain either an injury by accident by way of an interruption of his regular work routine or by way of a specific traumatic incident on that date.
4. In the process of working on his approximately 200 pound riding lawnmower at home on August 26, 1994, plaintiff bent over and lifted it about six inches off the ground whereupon his "back locked" up on him and he experienced low back pain radiating to his hip and up into the portions of his back between his shoulder blades. On said occasion, he lifted with his back instead of with his legs which were straight.
5. Plaintiff sought medical attention on August 26, 1994 and was treated conservatively by Dr. Welch until coming under the care of Dr. Burke on September 1, 1994. Ultimately, Dr. Burke performed a decompression laminectomy at L4-L5 in April 1995 for treatment of a herniated nucleous pulposus at L4 on the left.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff did not sustain an injury by accident or a specific traumatic incident of the work assigned on August 16, 1994 during the course and scope of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff `s claim must under the law be and it is hereby DENIED.
2. Each side shall pay its own costs, except that defendant shall pay an expert witness fee in the amount of $350.00 to Dr. David Burke and in the amount of $175 to Dr. Kenneth Welch.
This ___ day of May 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp